# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| JOHN W. BAUGHMAN, | ) |  |
|---|---|---|
| Movant, | ) |  |
| v. | ) | Case No. CV407-191 |
|  | ) | [CR407-130] |
| UNITED STATES OF AMERICA, | ) |  |
| Respondent. | ) |  |

## REPORT AND RECOMMENDATION

John Baughman has moved to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255. (Doc. 1.)[1] The government opposes the motion. (Doc. 3.) For the following reasons, the motion should be **DENIED**.

## I. BACKGROUND

In April 2007, a federal grand jury returned an indictment charging Baughman with one count of conspiracy to commit bank

---

[1] Unless otherwise noted, citations are to the docket in the movant's civil case, CV407-191. "Cr. doc." refers to documents filed under movant's criminal case, CR407-130.

fraud and five counts of bank fraud. (Cr. doc. 1.) On July 11, 2007, Baughman, represented by retained attorney Richard Darden, pled guilty to the conspiracy count. (Cr. docs. 21, 28.) He was sentenced to 36 months' imprisonment, three years' supervised release, restitution in the amount of $101,693.48, and a $100 special assessment. (Cr. doc. 29.)[2] On December 18, 2007, he filed the present § 2255 motion. (Doc. 1.)

## II. ANALYSIS

Baughman alleges that his counsel was ineffective for failing to file a notice of appeal after he requested that counsel do so. (Doc. 1, Br. at 2.) In addition, he alleges that counsel failed to consult with him about whether an appeal should be filed. (Id.)

The law is well settled "that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000); Montemoino v. United States, 68 F.3d

---

[2] The sentencing judge departed from the advisory guidelines range of 15 to 21 months' imprisonment, sentencing Baughman to 36 months' imprisonment based on a victim impact statement. (Cr. doc. 42 at 16.)

2

416, 417 (11th Cir. 1995) (per curiam). Because a defendant is entitled to a direct appeal from his conviction as a matter of right, Rodriquez v. United States, 395 U.S. 327, 329-30 (1969), "an attorney's failure to file an appeal after the defendant requests him to do so entitles the defendant to an out-of-time appeal, even without a showing that there would have been any viable grounds for an appeal." Montemoino, 68 F.3d at 417; Flores-Ortega, 528 U.S. at 477.

On February 25, 2008, the Court held an evidentiary hearing on the matter. At the hearing, the Court heard testimony from Darden and Baughman. Darden testified that between the time Baughman entered his guilty plea and the Court held his sentencing hearing, he "regularly" spoke with Baughman regarding the sentencing guidelines. Transcript of § 2255 Evidentiary Hearing (hereinafter "Tr.") at 8. He explained to Baughman that the guidelines were discretionary and that "the Judge could give him basically what he wanted to give him." Id. at 9. Darden testified that immediately after the sentencing hearing, he met with Baughman for forty-five minutes to an hour in his office, at

3

which time Baughman expressed his unhappiness with the sentence. Id. at 9, 14. During the meeting, they discussed the possibility of an appeal, and Darden told Baughman that he did not believe his sentence would be reversed on appeal since "even though the Judge exceeded the guidelines [he] didn't think the Appeals court would do anything with it given the victim impact statement." Id. at 9. Darden explained that he thought the "sentencing guidelines underestimated his . . . overall criminal activity," and thus he did not think the judge abused his discretion in exceeding the guidelines. Id. Darden also explained to Baughman that because the victim impact statement proved that the "actual loss in this case was much greater than what was indicated in the sentencing guidelines," the appeals court probably would not set aside the sentence. Id. at 10. Darden testified that although he told Baughman he had a right to appeal, Baughman never indicated that he wanted an appeal. Id. at 15. He further noted that if Baughman had requested that he file an appeal on his behalf, he would have filed the appeal even if it was meritless.[3] Id.

---

[3] Darden testified that "in every case [he] [has] had, if [his] client

at 14. Darden testified that he did not learn that Baughman wanted to file an appeal until he was contacted by the United States Attorney's Office regarding this § 2255 motion in January 2008. Id. at 12.

Baughman relayed a very different version of the events. He testified that Darden told him that he would charge him $15,000 in order to file an appeal. Id. at 29, 31. He noted that during their post-sentencing meeting, Darden explained that the notice of appeal was a one-page form that Darden would sign and file with the Court, and he also explained that during an appeal he would file a brief explaining the sentencing decisions that they disputed. Id. at 41, 31. After Darden told Baughman that he did not "have a snowball's chance in hell" of succeeding on appeal, he explained to Baughman that if he "would like he could file a notice of appeal to protect [his] rights." Id. at 32. Baughman then allegedly told Darden "I think that is what – I said that is what we should do." Id.

---

instructed [him] to file an appeal, and [he] talked to him about it, [he] would do so whether it has any merit or not." Tr. at 20. He noted that most of the cases that he has appealed were within the guidelines range and that many were at the low end of the guidelines, yet he still filed an appeal. Id. at 20-21.

5

After considering the conflict in the testimony regarding whether Baughman directly requested that Darden file an appeal on his behalf, the Court credits Darden's version of the events and discounts Baughman's testimony that he asked Darden to file an appeal. Darden is an experienced and well-respected attorney who has been practicing law for 31 years, primarily in the area of criminal defense. He testified that whenever a client asks him to file an appeal he does so, even if he sees no meritorious grounds for an appeal. He also testified that in all of his years of practice, this is the first case in which he has been accused of failing to file an appeal despite a defendant's request that he do so. Baughman, who stands convicted of a fraud-based conspiracy, was simply not a credible witness at the evidentiary hearing. The Court specifically finds that Baughman never requested that Darden file an appeal on his behalf, and it has no doubt that if Baughman had indicated that he wanted to appeal his sentence, Darden would have prepared and filed a notice of appeal.[4]

---

[4] Baughman testified that Darden told him he required a $15,000 retainer in order to file an appeal. Tr. at 31. Baughman conceded, however, that Darden agreed to file a protective notice of appeal without the necessity of

Where the movant "neither instructs counsel to file an appeal nor asks that an appeal not be taken," the Court must ask "whether counsel in fact consulted with the defendant about an appeal." Flores-Ortega, 528 U.S. at 478.[5] Counsel must consult with the defendant about an appeal only "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2)

---

any additional fee, id. at 41, and that he was prepared to pay Mr. Darden's fee for handling his appeal. Id. at 42-43. (Mr. Darden did not address this issue during his testimony, and he was excused as a witness before Baughman testified. Id. at 28.) Baughman, therefore, did not consider Darden's request for additional funds to be an obstacle to the prosecution of his appeal. Indeed, he testified that after their post-sentencing discussions, he was "positive" that his appeal was in the process of being filed by Darden. Id. at 33. The Court finds this testimony to be suspect, for two reasons. First, Baughman testified that Darden's retainer for handling the trial phase of his criminal case was only $7,500, id. at 35, and second, he conceded that he never made any arrangements to pay Darden the $15,000 he allegedly demanded for prosecuting an appeal. Id. at 38-40. Ordinarily, it takes more effort and resources to handle a criminal trial than to appeal a criminal conviction, and counsel generally set their fees accordingly, charging less for the appeal than for their trial work. Further, although Baughman concedes that Darden agreed to file a notice of appeal, he claims that Darden demanded an additional $15,000 to file an appellate brief. Since he never made any arrangements to pay that fee, it is unlikely that he thought Darden was actually doing any appellate work on his behalf. The Court, however, does not need to belabor this issue, for given its finding that Baughman never asked Darden to file an appeal, Darden's fee arrangement for handling an appeal is simply irrelevant.

[5] Though counsel generally has a duty to consult with his client, it is possible that "a sentencing court's instruction to a defendant about his . . . rights in a particular case are so clear and informative as to substitute for counsel's duty to consult." Flores-Ortega, 528 U.S. at 479-80. The government does not contend that the court's instructions to movant in this case were so informative as to satisfy the consultation requirement.

7

that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. Applying the Supreme Court's definition of the term "consult," the Eleventh Circuit recently held that "adequate consultation requires informing a client about his right to appeal, advising the client about the advantages and disadvantages of taking an appeal, *and* making a reasonable effort to determine whether the client wishes to pursue an appeal, regardless of the merits of such an appeal." Thompson v. United States, 504 F.3d 1203, 1206 (11th Cir. 2007) (emphasis in original).

After imposing Baughman's sentence, the sentencing judge advised him of his right to appeal and explained the ten-day deadline in which he must file a notice of appeal. (Cr. doc. 42 at 19.) The judge also explained that Darden would continue to represent him during an appeal. (Id.) In addition, he noted that the Clerk of Court would prepare and file a notice of appeal on Baughman's behalf if requested to do so. (Id.) During the evidentiary hearing, Baughman testified that he heard the

sentencing judge "say something about an appeal," including the advice that he had ten days in which to file an appeal. Tr. at 44, 38.

Immediately after sentencing, Darden met with his client in his office and explained that although Baughman had the right to appeal his sentence, he did not believe that the appeals court would reverse the sentence, even though it exceeded the guidelines range. He explained that he did not think that the district judge abused his discretion in departing from the guidelines as they "underestimated . . . his overall criminal activity" based on the victim impact statement. Id. at 9. Although Darden indicated that he thought an appeal would be futile, he never suggested that Baughman would be disadvantaged or compromised by filing an appeal (except for the implicit suggestion that Baughman would be wasting his time and money). Darden adequately explained Baughman's right to appeal and the likely outcome should an appeal be filed. After discussing these issues with Baughman, Baughman failed to request that Darden file an appeal on his behalf. It was reasonable for Darden to conclude that his client, after being fully advised of his rights and his attorney's views, did

9

not wish to pursue an appeal. The Court is therefore of the opinion that Darden's consultation was adequate under Thompson, 504 F.3d at 1206.

Darden clearly acted in a professionally responsible manner under Flores and Thompson. Since Baughman was fully advised of his appeal rights, and since he knew that Darden thought that such an appeal would be futile and believed that Baughman shared this view, Darden did not err in failing to file a notice of appeal when his client never requested that he do so.

## III. CONCLUSION

For the foregoing reasons, the Court should **DENY** movant's § 2255 motion.

**SO REPORTED AND RECOMMENDED** this 12th day of June, 2008.

s/ G.R. SMITH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA