UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JOHN W. BAUGHMAN

v.  407CV191
    407CR130

UNITED STATES

## ORDER

This Court recently denied defendant John Baughman's 28 U.S.C. § 2255 motion to vacate his conviction and sentence on the ground that his attorney provided him with ineffective assistance of counsel (IAC) by failing to file an appeal from his guilty-plea conviction for conspiracy to commit bank fraud. 407CV191, doc. ## 15, 18, 20. Represented by new counsel, Baughman appeals that denial and applies for a Certificate of Appealability (COA).[1] Doc. # 25.

Unhappy with his sentence, Baughman claims IAC based on, *inter alia*, the fact that he instructed his "guilty-plea" lawyer (Richard Darden) to file an appeal, yet none was taken. A Magistrate Judge (MJ) conducted an evidentiary hearing and, as is set forth in his (since adopted) Report and Recommendation (R&R), finds Baughman's claims (that Darden failed to properly advise him, act on his desire to appeal, etc.) *not* credible. The MJ thus advised this Court to deny Baughman's § 2255 motion, explaining:

Darden clearly acted in a professionally responsible manner under [established precedent]. Since Baughman was fully advised of his appeal rights, and since he knew that Darden thought that such an appeal would be futile and believed that Baughman shared this view, Darden did not err in failing to file a notice of appeal when his client never requested that he do so.

Doc. # 15 at 10.

Baughman's R&R Objection focused on *Roe v. Flores-Ortega*, 528 U.S. 470 (2000) and *Thompson v. U.S.*, 504 F.3d 1203 (11th Cir. 2007). *Thompson* held that a defense lawyer had a duty to consult with his client, who received a longer sentence than his two codefendants after pleading guilty to a drug charge, regarding his client's right to appeal the sentence. The client told counsel that he was unhappy with his sentence and asked about his right to appeal. Importantly, even though the *Thompson* court upheld as not clearly erroneous the lower court's finding that the client did not ask his attorney to file an appeal, it could *not* find that no rational defendant would have wanted to appeal the differential sentence. *Id.* at 1206-08.

More importantly, said the Eleventh Circuit, counsel failed to "adequately consult" with the defendant regarding his right to appeal, even though counsel told his client after he was sentenced that he had a right to appeal, and that he did not think an appeal would be successful or worthwhile. *Id.* The problem was that counsel provided to his client no information from which one could have knowingly and intelligently either asserted or waived his right to an appeal. *Id.* Nor did counsel make a reasonable effort to discover his client's informed wishes regarding an appeal. *Id.*

Thus, Darden could not simply state that Baughman expressed no desire to appeal, and

---

[1] Movant's COA application can be denied if it presents no procedural issue debatable among jurists of reason, *see Henry v. Dep't of Corrections*, 197 F.3d 1361, 1364 (11th Cir. 1999), or otherwise fails to make a substantial showing that he has been denied a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Gordon v. Sec'y Dep't of Corr.*, 479 F.3d 1299, 1300 (11th Cir. 2007).

that Darden himself told Baughman that he saw no grounds for an appeal. Something more was required. In that connection, *Thompson* may be said to illuminate two general rules: (1) where a defendant says he wants to appeal, it is IAC *per se* to fail to do so; and (2) where a defendant does *not* say either way that he wants to appeal, counsel must nevertheless uphold his "consultation" duty:

> [W]here a defendant has not specifically instructed his attorney to file an appeal, we must still determine "whether counsel in fact consulted with the defendant about an appeal.... [A]dequate consultation requires informing a client about his right to appeal, advising the client about the advantages and disadvantages of taking an appeal, *and* making a reasonable effort to determine whether the client wishes to pursue an appeal, regardless of the merits of such an appeal.

*Id.* at 1206 (quotes and cite omitted).[2]

Section 2255 courts, in turn, must make a "consultation" inquiry where such factors arise. *Id.* at 1207-08 (holding that defense counsel failed to "adequately consult" with his client; he failed to provide his client with the information needed to knowingly and intelligently either assert or waive his right to an appeal; nor did counsel make a reasonable effort to discover his client's informed wishes regarding an appeal).

That is what the MJ did in this case. Doc. # 15 at 3-10; *see also* doc. # 17-2. But Baughman, in his F.R.Civ.P. 72(b), RR Objection, insisted that the MJ clearly erred[3] on the "consultation" component. Doc. # 17. That 6/26/08 Objection did not cite, however, *Devine v. U.S.*, 520 F.3d 1286 (11th Cir. 2008), which applied *Thompson*'s "prejudice" prong (*i.e.*, even if counsel fails to follow *Thompson*'s mandate, there can be no § 2255 relief if the defendant fails to show prejudice). *Devine* concluded that a post-guilty-plea, post-sentencing defendant could not show prejudice where he had received a sentence in the bottom of the U.S. Sentencing Guideline range, was told he had no non-frivolous grounds for appeal, and did not reasonably demonstrate to counsel that he was interested in appealing. *Id.* at 1288-89; *see also* CRIM. PRO. HANDBOOK § 3:41 (*Adequacy of counsel--Appeals*) (June 2008).

Yet Baughman received an *upper* guideline range sentence. And Darden, in 15-20 minutes spent discussing the merits of an appeal, only expressed to the defendant that he did not think the appeal would be successful ("bear fruit");

---

[2] An encyclopedist's summary of this area of law blends in a special factor relevant to the instant case:

> Counsel has a constitutionally-imposed duty to consult with a defendant about an appeal when there is reason to think either: (1) that a rational defendant would want to appeal; or (2) that this particular defendant reasonably demonstrated to counsel that he or she was interested in appealing. In determining whether counsel has a constitutionally-imposed duty to consult with a defendant about an appeal, a highly relevant factor is whether the conviction follows a trial or a guilty plea. A guilty plea reduces the scope of potentially appealable issues and such a plea may indicate that the defendant seeks an end to the judicial proceedings.

22 C.J.S. *Criminal Law* § 417 (June 2008) (footnotes omitted); *see also McCutcheon v. U.S.*, 2008 WL 2115223 at * 4 (M.D.Fla. 5/19/08) (unpublished).

[3] The MJ's factfindings are subject to the clearly erroneous standard. *See Berry v. U.S.*, 2008 WL 2447154 at * 2 (11th Cir. 6//19/08) (unpublished).

2

Darden did *not* tell Baughman -- either explicitly or in substance -- that he did *not* have any non-frivolous grounds on which to appeal. Doc. # 17-2 at 26-27. The MJ probed further:

> THE COURT: Did you at any time discuss with [Baughman] what advantages or disadvantages might arise from taking an appeal?
>
> [DARDEN]: Other than the obvious, *no*. I mean, the obvious advantage is if they send it back, remand it for resentencing, other than that, no.
>
> THE COURT: What disadvantages can you envision that might have accrued from taking an appeal in this case?
>
> [DARDEN]: I know of no disadvantages.
>
> THE COURT: After discussing all that, did you ever specifically ask whether he, in light of your comments and assessment of the merits, did you ever specifically ask him, well, do you want me to take an appeal or not?
>
> [DARDEN]: I can't say that I specifically worded [it to] that effect. I think what I expected [Baughman] to do was get back with me. But he never did.

Doc. # 17-2 at 27 (emphasis added).

Baughman correctly contends that this testimony brings his case reasonably close to *Thompson* (which *granted* IAC relief), thus placing it down the COA-worthiness path (*e.g.*, Darden never flat-out asked his client if he wanted to appeal, and did not testify that he fully explained the advantages and disadvantages of an appeal, etc.). Again, however, Baughman must mind the prejudice prong:

> [T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed. [However, t]he defendant need *not* show the putative merits of such an appeal.

*Cuero v. U.S.*, 269 Fed.Appx. 893, 895 (11th Cir. 2008) (emphasis added); *see also id.* ("Since a rational defendant would not have been interested in an appeal in this case and the record supports the district court's finding that Cuero never indicated any interest in an appeal, trial counsel did not have a constitutional duty to consult with Cuero about an appeal. Thus, even if trial counsel insufficiently consulted with Cuero, it did not amount to ineffective assistance of counsel").

Here it can be reasonably argued that Darden failed to sufficiently inform Baughman about his appellate rights so that he could knowingly and intelligently waive them, and also failed to affirmatively ask him if he wanted to appeal. Nor can it be said that, per the evidence adduced here (upper guideline range sentence), a rational defendant would not have wanted to appeal.

Hence, Baughman has made a substantial showing on both IAC prongs. And that, in turn, entitles him to a COA. Nevertheless, this is yet another layer of "IAC-law" that is troubling to say the least. Significantly, it in no small part turns on whether, many months after the fact, trial counsel can remember whether he "advis[ed] the client about the advantages and disadvantages of taking an appeal," *Thompson*, 504 F.3d at 1206 -- since in virtually every case a lawyer will easily remember whether he asked his client if he wanted to appeal and whether his client expressed an interest in doing so, or not.

Having encountered a spate of these IAC-

based § 2255 motions lately, the Court has devised hand-out sheets (copy attached), to be delivered by its courtroom deputy, to each defense lawyer following his client's conviction. These sheets are designed to ensure compliance with *Thompson* and cut down on memory-eroded, § 2255 hearings on basic, simple measures that can and should be easily and timely undertaken after every conviction -- measures that should curtail § 2255 motions of this sort.

Meanwhile, the Court reluctantly *GRANTS* defendant John Baughman's COA motion. Doc. # 21, *as amended,* doc. # 25.

This 18 day of August, 2008.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA

## NOTICE OF COUNSEL'S POST-CONVICTION OBLIGATIONS

### 1. Duty of Continuing Representation on Appeal:

<u>Retained Counsel</u>: I understand that under 11th Cir.R. 46-10(a), "[r]etained counsel for a criminal defendant has an obligation to continue to represent that defendant until successor counsel either enters an appearance or is appointed under the Criminal Justice Act, and may not abandon or cease representation of a defendant except upon order of the court." *Id.*

<u>Appointed Counsel</u>: I understand that under 11th Cir.R. 46-10(c), "Counsel appointed by the trial court shall not be relieved on appeal except in the event of incompatibility between attorney and client or other serious circumstances." *Id.*

### 2. Duties Regarding The Filing of Direct Appeals:

I understand that, whether I was retained or appointed to represent my client, I am obligated to fully advise my client about his direct appeal rights including: advising him about the advantages and disadvantages of pursuing an appeal, making a reasonable effort to discover his wishes in that regard, and filing a direct appeal if he so requests, irrespective of any perceived merits of the appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470 (2000); *Thompson v. U.S.*, 504 F.3d 1203 (11th Cir. 2007) (counsel has a constitutional duty to adequately consult with his client about an appeal if: (1) any rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) this particular defendant reasonably demonstrated to counsel that he is interested in appealing). Furthermore, I understand that I should not rely upon the sentencing judge's instructions alone to satisfy my duty to consult with my client, and "[s]imply asserting the view that an appeal would not be successful does not constitute 'consultation' in any meaningful sense." *Thompson*, 504 F.3d at 1207. Rather, I must fully explain to my client the appellate process, the advantages and disadvantages of taking any appeal, and the fact that I am obligated to file an appeal if that is what my client requests, regardless of my recommendation. *Id.*

### 3. Duty Regarding Frivolous Appeals:

If, after conscientious review of my client's appeal, I find that the appeal is without merit, I am aware of the option to move the appellate court for leave to withdraw from further representation of the appellant and file a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). *See, e.g., U.S. v. Dotson*, 2008 WL 1946785 (11th Cir. 2008) (unpublished) (standard procedure for *Anders* briefs); *U.S. v. Hall*, 499 F.3d 152, 155-56 (2nd Cir. 2007) (*Anders* brief substantive requirements).

### 4. Duty to Provide Timely Notice of Decisions Impacting Client's Case:

My duties as appellate counsel on direct appeal include my obligation to give the defendant timely notice of any court decision affecting his case. *Smith v. Ohio Dep't of Rehab. and Corr.*, 463 F.3d 426, 433 (6th Cir. 2006); *see also id.* at 434 (failure of defendant's counsel to provide him with timely notice of decision of intermediate appellate court on direct appeal was constitutionally deficient performance).

**5. Suggested Filing:**

   I understand that I am duty-bound to not only consult with my client following conviction and sentence, but also have him or her express, in writing, his or her decision whether or not to appeal.

   **Rec'd this _____ day of _____, 20___.**


Sign:_____Print_____, Attorney for Defendant _____

# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF GEORGIA

## POST-CONVICTION CONSULTATION CERTIFICATION

**TO BE COMPLETED AND FILED BY COUNSEL:**

I, _____ [print name], attorney for _____ [print name], certify that I this day met with my client, _____ [print name] and:

- I found him/her to be of sound mind, clear-headed, and able to comprehend all of what I advised him/her regarding his/her right to appeal from the conviction and sentence in this case.

- I have fully explained to him/her the appellate process, including that he/she

    (a) has the right to a direct appeal to the Eleventh Circuit, with assistance of counsel, free of charge, if he/she is indigent, but to exercise that right he/she

    (b) must timely file a notice of appeal and

    (c) comply with all appellate form-completion and briefing obligations;

- I have advised him/her about the advantages and disadvantages of pursuing an appeal;

- I have thoroughly inquired of him/her about his/her interest in appealing his/her conviction.

It is in that light that (check one):

_____ he/she has decided to file an appeal and thus has instructed me to file it for him/her.

_____ he/she has decided not to file an appeal, and I have explained to him/her the consequences of failing to do so. Those consequences include the waiver of his/her right to complain about the process that led up to his/her conviction, including in the future, should he/she decide to seek any form of habeas corpus, 28 U.S.C. § 2255, or other judicial relief from the conviction.

This ____ day of _____, 20__.

Print: _____ name of attorney

Sign: _____ signature of attorney

Witnessed:

Print: _____ name of defendant

Sign: _____ signature of defendant

**TO BE COMPLETED BY THE DEFENDANT:**

I, _____ [print name], certify that I this day met with my attorney, _____ [print name] and:

● I am of sound mind, clear-headed, and able to comprehend all of what my attorney has advised me about my right to appeal my conviction and sentence in this case;

● My attorney has fully explained to me the appellate process, including that I

      (a) have the right to a direct appeal to the Eleventh Circuit, with assistance of counsel, free of charge, if I am indigent, but to exercise that right I

      (b) must timely file a notice of appeal and

      (c) comply with all appellate form-completion and briefing obligations;

● My attorney has advised me about the advantages and disadvantages of pursuing an appeal;

● My attorney has thoroughly inquired of me about my interest in appealing my conviction.

It is in that light that (check one):

_____ I have decided to file an appeal and thus have instructed my attorney to file it for me.

_____ I have decided not to file an appeal, and my attorney has explained to me the consequences of failing to do so. Those consequences include the waiver of my right to complain about the process that led up to my conviction, including in the future, should I decide to seek any form of habeas corpus, 28 U.S.C. § 2255, or other judicial relief from the conviction.

This ___ day of _____, 20___.

                                                Print: _____ name of defendant

                                                Sign: _____ signature of defendant

Witnessed:

                                                Print: _____ name of attorney

                                                Sign: _____ signature of attorney

**FILING:** Counsel must file this form in the trial-court record of the defendant's case within ten business days following its completion. Attach this as the second page of a document bearing the caption of your client's case with this title: "POST-CONVICTION CONSULTATION CERTIFICATION."